## MARY LYON
### v.
### HORACE LYON.

1. EVIDENCE—PAROL EXPLANATION OF LETTER.—A witness cannot be allowed to state what he meant in a written paper, unless there is some latent ambiguity, some sign or word that has a peculiar significance, not generally understood. The paper itself must be its own interpreter.

2. DEATH OF ONE PARTY—OPPOSITE PARTY CANNOT TESTIFY.—A defendant is prohibited by the statute from testifying on his own behalf as to the state of accounts between himself and the deceased prior to the latter's death.

ERROR to the Circuit Court of Kane county; the Hon. H. H. CODY, Judge, presiding. Opinion filed January 14, 1879.

Messrs. BOTSFORD & BARRY, for plaintiff in error.

Mr. JAMES COLEMAN and Mr. E. S. JOSLYN, for defendant in error; as to the right of a party whose statements have been offered in evidence, to explain or disprove them, cited Young v. Foute, 43 Ill. 33; 1 Phillips on Evidence, Cowen & Hill's notes, 371.

SIBLEY, J. Mary Lyon, administratrix of the estate of David Lyon, deceased, sued Horace Lyon in the Circuit Court of Kane county, declaring upon three promissory notes: one for the sum of $300, dated September 8th, 1864, due in ten days after date; one dated March 17, 1865, for $100, payable one

year after date, and one for $300, dated February 15th, 1871, due in ninety days after date, all of them executed by Horace Lyon to David Lyon, in his lifetime. The defendant pleaded the general issue; trial was had before the court and jury, and verdict for the defendant.

On the trial of the cause, the defendant undertook to prove that the notes had been paid. Mark White testified that in October, 1863, he collected for the defendant $229.73, and by his direction, paid it over to David Lyon. Other sums were proven to have been paid for the defendant to David Lyon after the execution of the notes read in evidence.

By way of rebuttal, the administratrix read a letter in evidence, written by the defendant, Oct. 3, 1875, to his brother, in these words:    *   *   *

"Lee Center, Oct. 3, 1875.

"*Dear Brother:*—   *   *   *   Tell father it was not because I owed him that I did not answer his letter, but through neglect and being hard up for money, but will pay him as soon as we sell this lot of horses, all up, I think, and am in hopes to have some left.   *   * "

On his cross-examination, among other questions he was asked "What he meant by that letter?" and the court, against the objection of the plaintiff, permitted him to answer the question. He testified, " that he did not then know as he owed him anything, but afterward found that he was mistaken." In this we think the court erred. It is too well established that a witness cannot be allowed to state what he meant in a written paper to require any authority in its support—the paper itself must be its own interpreter—to explain its meaning by oral testimony, unless there is some latent ambiguity, or some sign or word that has a peculiar significance not generally understood.

Besides the answer indicated to the jury, that the notes had been all settled, and he was not indebted upon them, he then was testifying on his own behalf as to the state of the accounts between him and the deceased prior to the latter's death, in a suit by the administratrix, which is not permitted by the statute.

The court was asked on the part of the plaintiff to instruct the jury that the amount collected by White in 1863, and paid over to David Lyon, could not be allowed as a payment on the notes. The instruction was modified by the court, by adding "unless you believe, from the evidence, that such amount was in fact intended by the parties to apply upon these notes or some of them." We look in vain through the record for any evidence upon which to base this modification. It will be observed that there was no plea of set-off in the case. How then could it be inferred, in the absence of any testimony that the parties intended the sum paid nearly a year before the execution of the first note was intended by the parties to be applied as a payment upon either of them? The modification should not have been made.

For reasons indicated, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.